IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

    Plaintiff,

v.                                      Case No. 1:20-cv-12-AW-GRJ

OFFICER JOSHUA MEURER,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to an Amended Complaint. ECF No. 10 (hereafter "Complaint"). Plaintiff was granted leave to proceed as a pauper. ECF No. 5. The Complaint names one defendant: Gainesville Police Department ("GPD") Officer Joshua Meurer. Plaintiff alleges that Officer Meurer, acting in his official capacity, violated Plaintiff's constitutional rights in connection with Plaintiff's arrest and imprisonment for charges that are not specified in the Complaint. ECF No. 10. This case is now before the Court on Defendant's motion to dismiss the Complaint and strike impertinent material pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). ECF No. 17. For the following reasons, it is

recommended that the motion to dismiss be granted and that Plaintiff be afforded an opportunity to file a second amended complaint.

## I. Plaintiff's Allegations

Plaintiff alleges that on the night of September 27, 2019, he was asleep in his truck at his place of employment. He was awakened when Officer Meurer opened the passenger door. Plaintiff contends that Officer Meurer searched the truck without his permission. Plaintiff further alleges that "Defendant made homosexual actions by his looks and body language," causing Plaintiff to experience anxiety, embarrassment, and fear of "unwanted sexual advances". Officer Meurer threatened Plaintiff with arrest if he did not show his ID, and had his hand on his weapon. Officer Meurer told Plaintiff he was investigating him for trespassing. Plaintiff alleges that Officer Meurer called Plaintiff's supervisor and the supervisor said Plaintiff was not allowed on the property. Plaintiff alleges that he then called the supervisor and the supervisor denied telling Meurer he could not remain on the property. Plaintiff alleges that Meurer was "very angry and upset", and Plaintiff knew that Meurer was going to find a way to arrest him. ECF No. 10 at 7.

The following week, on October 2, 2019, Meurer came to Plaintiff's place of employment with another officer and arrested him. Plaintiff does

not describe the charges for which he was arrested. He alleges that he remained in jail for 50 days and then the charges were dropped and he was released. *Id.*

Plaintiff indicates on the Complaint form that he is suing Officer Meurer only in his official capacity. *Id.* at 3. Plaintiff alleges that due to his false imprisonment he suffered extreme distress, embarrassment, anxiety, PTSD, lost wages, and loss of consortium with his girlfriend. For relief, he seeks $500,000 in damages. *Id.* at 9.

## II. Standard of Review

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

## III. <u>Discussion</u>

Defendant contends that Plaintiff has failed to adequately allege an official-capacity claim against him. ECF No. 17. Title 42 U.S.C. § 1983 provides an avenue for redress against any person acting under color of state law who subjects a person to the deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating

federal rights elsewhere conferred."). "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, Plaintiff's damages claim against Defendant in his official capacity is a suit against the GPD.

Municipalities and other local government units are included among those persons to whom § 1983 applies. *Monell v. Dep't of Soc. Sec. of City of New York*, 436 U.S. 658, 690 (1978). A local governing body can, therefore, be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* This liability extends to "constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking channels." *Id.*

A plaintiff can establish a municipal policy in two ways: identify either (1) an officially promulgated policy or (2) an unofficial custom or practice shown through the repeated acts of a final policymaker.  *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). To establish a municipal policy,

a plaintiff (1) must show that the local governmental entity . . . has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue.

*Id.* at 1330; *see Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 n.9 (11th Cir. 1985) (where a governmental entity delegates the final authority to make decisions, those decisions necessarily represent official policy).

It is well settled, however, that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory, *i.e.*, solely because it employs a tortfeasor. *Monell*, 436 U.S. at 690; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Massey v. Montgomery Cnty. Detention Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) (claim against county detention facility's medical provider failed under *Monell* where plaintiff failed to allege that medical provider had a policy or custom that caused deliberate indifference to his serious medical need).

Nonetheless, "municipal liability may attach to a single decision made

by a municipal official if that municipal official is the final policymaker for the municipality with respect to the subject matter in question." *Mandel v. Doe*, 888 F.2d 783, 793 (11th Cir. 1989) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Pembaur*, 475 U.S. at 469).

In this case, there are no allegations in the Complaint establishing that any violation of Plaintiff's constitutional rights by Officer Meurer occurred pursuant to any official or unofficial GPD custom or policy. *See* ECF No. 10. In opposition to the motion to dismiss, Plaintiff conclusionally asserts that Defendant's actions "are common practices, official policy of City of Gainesville Florida. Then the law enforcement common practices and official policy of Gainesville Florida is to violate citizens constitutional rights." ECF No. 21 at 9. Plaintiff claims are too vague to establish the existence of any official or unofficial policy or custom implicated by his arrest and imprisonment, nor does he identify the responsible policymaker.

Plaintiff does not indicate that he seeks to sue Officer Meurer in his individual capacity. Plaintiff's response in opposition to dismissal reiterates the assertion in the Complaint that he is only suing Officer Meurer in his official capacity. *See* ECF No. 21 at 9. Under these circumstances, the Court will not liberally construe the Complaint as asserting only an individual-capacity claim. However, in view of Plaintiff's *pro se* status he

should be afforded an opportunity to file a Second Amended Complaint that sufficiently alleges an individual-capacity claim against Officer Meurer.

The Court construes the Complaint as attempting to assert false arrest and false imprisonment claims against Officer Meurer. A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). An arrest made with probable cause, however, constitutes an absolute bar to a section 1983 action for false arrest. *Id.* (citation omitted). Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense. *Id.* (citation omitted).

A detention on the basis of a false arrest presents a viable section 1983 action. *Id.* at 1526 (citation omitted). A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law. *Id.* (citation omitted). Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest. *Id.* This false imprisonment claim under section 1983 is grounded in the Fourth Amendment's guarantee against unreasonable seizures. *Id.* "[P]laintiffs [have] the burden

of demonstrating the absence of probable cause in order to succeed [on a] § 1983 claim." *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998) (citing *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir.1991) ("In order to establish a Fourth Amendment violation, [plaintiff] must demonstrate that a seizure occurred and that it was unreasonable.")).

A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. *See Cannon v. Macon County,* 1 F.3d 1558, 1562–63 (11th Cir.1993), modified on other grounds, 15 F.3d 1022 (1994). The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement. *See id.* at 1562 n. 3. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 1563; *West v. Tillman,* 496 F.3d 1321, 1327 (11th Cir.2007) (per curiam). To establish a due process violation, Plaintiff must prove that the Defendant acted with deliberate indifference. *See Tillman,* 496 F.3d at 1327. This means that Defendant had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence. *See id.*

Plaintiff's allegations are insufficient to establish the requisite elements of a false arrest or false imprisonment claim under the foregoing standards. *See* ECF No. 10.  If Plaintiff elects to file a second amended complaint, he must allege sufficient facts to establish the elements of false arrest and false-imprisonment.

Lastly, Defendant argues that the Complaint includes immaterial and impertinent accusations against Officer Meurer based on Plaintiff's subjective impressions of the officer's body language and intent, and that such allegations should be stricken.  ECF No. 17 at 5-6.  The Court agrees.  In the Complaint, Plaintiff imputes improper sexual motives to Officer Meurer's actions based on Plaintiff's subject assessment of the officer's "looks and body language", but he fails to allege any facts from which the Court could conclude that the officer's actions stemmed from any improper sexual motivation.  *See* ECF No. 10 at 7.  Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Because the Court finds that the Complaint is due to be dismissed, it is unnecessary to separately strike the language.  However, if Plaintiff files a second amended complaint that includes such assertions it will be stricken.

## IV.  Conclusion

It is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 17, should be **GRANTED**, and that Plaintiff be afforded

an opportunity to file a second amended complaint that sufficiently alleges § 1983 claims against Defendant in his individual capacity.

**IN CHAMBERS**, this 20th day of October 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**